UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CREIGHTON,<br><br>                          Plaintiff,<br><br>v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY,<br><br>                          Defendant. | Case No.:  20cv243-GPC(KSC)<br><br>**ORDER FOLLOWING TELEPHONIC DISCOVERY CONFERENCE ON SEPTEMBER 10, 2020 RE DEFENDANT'S RESPONSE TO PLAINTIFF'S WRITTEN DISCOVERY REQUESTS** |

On September 10, 2020, the Court held a Discovery Conference with counsel to resolve the discovery disputes outlined below.  This Order is intended to confirm the oral rulings made during the conference.

    1.    ***Employees Involved in Plaintiff's Claim***.

Plaintiff's Special Interrogatory Nos. 1, 2, 3, and 4 seek the identities of defendant's employees who have been involved in the handling of plaintiff's claim, including any employee who provided input or advice regarding the payment of plaintiff's claim.

Based on the information and arguments presented, defendant must provide plaintiff with supplemental responses to these interrogatories.  Defendant's supplemental responses must indicate whether Jolyn Elliott and Eduardo Escobar are the only employees of the defendant who took any action on behalf of ALLSTATE regarding the

handling of the plaintiff's claim (No. 1).  Defendant must also identify employees who provided input or advice regarding the payment or non-payment of plaintiff's claim (No. 3).  In addition, defendants must identify employees who had input on the refusal to pay the policy limit demand on plaintiff's claim (No. 4).  Any contact with employees identified in defendant's responses to these interrogatories must be made through defense counsel.

2. ***Defendant's Internal Claims Manual and Training Materials.***

Plaintiff's Document Request Nos. 2, 8, and 9 seek production of documents that defendant provides to employees on how to handle and evaluate claims, including claims manuals, handbooks, and training materials.

Based on the information and arguments presented, counsel must meet and confer to prepare a stipulated protective order governing the exchange of confidential information between the parties.  To assist counsel, a model protective order is available on the Court's website.  The proposed protective order must include two provisions set forth in this Court's Chambers Rules.

A Joint Motion for Entry of Proposed Protective Order regulating the exchange of confidential information between the parties is currently pending.  [Doc. No. 19.]  ***Within five (5) days*** after the finalized Protective Order is entered on the Court's docket, defendant must produce claims handling and training materials related to UM/UIM claims subject to the confidentiality Protective Order.  Any documents withheld as privileged must be listed on a privilege log.

3. ***Defendant's Retention of Experts:***

Plaintiff's Interrogatory Nos. 9 and 10 seek disclosure of the number of times defendant has retained Dr. Philip Stenquist and Dr. Dodge "to perform an assessment on a person claiming injuries" from January 1, 2010 to the present."  Document Request Nos. 14 and 15 seek production of documents reflecting payments defendant made to Dr. Stenquist and Dr. Dodge from January 1, 2012 to the present.

/ / /

1  Based on the information and arguments presented, defendant is ordered to
2  supplement its responses to these discovery requests.  Defendant must produce the
3  requested documents and information related to the retention of Dr. Stenquist and
4  Dr. Dodge for all personal injury cases from January 1, 2015 to the present.

### 4. *Plaintiff's Requests for Admissions.*

Plaintiff argues that defendant's responses to Request for Admission Nos. 2, 3, 12, and 24 are not adequate, because they do not comply with the requirements in Federal Rule of Civil Procedure 36(a)(4).

Rule 36(a)(4) states as follows:  "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; *and when good faith requires that a party qualify an answer or deny only a part of a matter*, *the answer must specify the part admitted and qualify or deny the rest*. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added).

Pursuant to Rule 36(a)(4), defendant is ordered to respond to Request for Admission Nos. 2, 3, 12, and 24, using the words "admit" or "deny."  Thereafter, defendant may supplement or qualify its admission or denial in a separate sentence as permitted under Rule 36(a)(4).  With respect to Request for Admission No. 12, defendant's response after a reasonable inquiry must include reference to Dr. Stenquist's evaluation of personal injury cases as called for in the request.

Based on the foregoing and as outlined above, IT IS HEREBY ORDERED that defendant must supplement its responses to plaintiff's written discovery requests *within*

///
///
///

1  ***ten (10) days*** after this Order is entered.  ***Within ten (10) days*** after this Order is entered,
2  defendant must also produce all responsive documents as outlined above.
3      IT IS SO ORDERED.
4  Dated:  September 21, 2020

                                      Hon. Karen S. Crawford
                                      United States Magistrate Judge